ROM BAR-NISSIM (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Respondent/Plaintiff
TED ENTERTAINMENT, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE. SUBPOENAS TO REDDIT, INC. AND DISCORD, INC. | Case No.: 3:25-mc-80296-SK<br><br>(Case No. 2:25-cv-05564-WLH-PD, Pending in Central District of California)<br><br>**TED ENTERTAINMENT, INC.'S OBJECTIONS TO THE DOE DEFENDANTS' REPLY DECLARATION AND REPLY BRIEF** |

1   Pursuant to Local Rule 7-3(d)(1), plaintiff/respondent Ted Entertainment, Inc. ("TEI")
2   submits its objections to the Reply Declaration (Dkt. No. 23) and Reply Brief (Dkt. No. 20) of
3   movants/defendants Does (collectively, the "H3Snark Mods").

4   **Improper Reply Evidence**: "Evidence in support of a motion must be submitted with the
5   motion in order to allow the opposing party to respond." *Musk v. OpenAI, Inc.*, 769 F.Supp.3d
6   1017, 1026 fn. 4 (N.D. Cal. 2025). When evidence in support of the motion is submitted with a
7   reply brief, the "[e]vidence submitted in reply is properly disregarded" because it belies "any
8   argument that the evidence could not have been timely submitted." *Id.* Rather, the evidence is only
9   admissible when "the new evidence appears to be a reasonable response to the opposition or upon
10  giving the non-movant the opportunity to respond." *Sweet v. Cardona*, 657 F.Supp.3d 1260, 1275
11  (N.D. Cal. 2023) (internal quotation marks omitted).

12  This Court should strike the following paragraphs (with accompanying footnotes and
13  screenshots) and exhibits insofar as they: (1) contain evidence in support of the H3Snark Mods
14  motion to quash ("Motion") and could have been submitted with the Motion; and/or (2) are not a
15  reasonable response to TEI's opposition to the Motion: Dkt. No. 23, ¶¶ Preamble, 1-17, 19-22.2,
16  27, 31, 33-37, 41.1-42.1, 44-45, 46.1, 49, 52-53, 55.1, 57.1, 58-62; Exs. 76-82, 85, 88-90, 92, 94.

17  **Improper Legal Arguments/Legal Conclusions/Argumentative Testimony**: "Legal
18  arguments are inappropriate in declarations." *GemCap Lending, LLC v. Quarles & Brady, LLP*,
19  269 F.Supp.3d 1007, 1026 (C.D. Cal. 2017). Further, a "lay witness cannot offer testimony to
20  establish a legal conclusion." *Childs v. San Diego Family Housing LLC*, 714 F.Supp.3d 1262, 1269
21  (S.D. Cal. 2024). Finally, "testimony" that "is argumentative in character … must be viewed with
22  caution." *Esco Corp. v. Hensley Equip. Co.*, 265 F.Supp. 863, 870 (N.D. Cal. 1965).

23  TEI objects to the following paragraphs (with accompanying footnotes) and exhibits
24  insofar as they contain improper legal arguments and/or legal conclusions: Dkt. No. 23, ¶¶
25  Preamble, 1-3, 6-8, 10-13.1, 14-17.1, 17.5, 17.10, 19-21, 22, 22.2, 23.4.1, 23.5, 24, 25, 29-34, 38-
26  41.1, 42.1-43, 45-46, 47-48, 49.2.1-62, Ex. 91. Inclusive of the paragraphs identified above, TEI
27  objects to the following paragraphs and exhibits insofar as they are argumentative: Dkt. No. 23, ¶¶
28  4-5, 9, 13.2, 18, 22.1, 22.3, 23.3.1, 23.5.1, 24.1.1, 35, 37, 42, 44, 46.1, Exs. 76, 86-87, 93.

**Hearsay**: Pursuant to Federal Rules of Evidence ("FRE") 801-802, TEI objects to the following paragraphs (with accompanying footnotes and screenshots) and exhibits insofar as they contain out of court statements and are used for the truth of the matter asserted to which no hearsay exception applies: Dkt. No. 23, ¶¶ 10, 13-14, 16, 17.6, 23, 28-31, 38-39, 43-46.1, 47.1, 49.1, 49.2, 49.3, 51, 55-57, Exs. 76, 78, 80, 86-94. Also, the following exhibits contain unsworn testimony that was not made under penalty of perjury and should be disregarded. *Id.*, Exs. 76, 86-87, 91, 93. *Crawford v. Washington*, 541 U.S. 36, 52 fn. 3 (2004) (noting "a general bar on unsworn testimony" and characterizing it as "unsworn hearsay").

**Improper Expert Testimony**: FRE Rule 701(c) prohibits lay witnesses from testifying on matters "based on scientific, technical or other specialized knowledge within the scope of Rule 702." To qualify as an expert under FRE 702, the H3Snark Mods must demonstrate they are "qualified as an expert on the basis of either knowledge, skill, experience, training, or education or a combination thereof[.]" *Berman v. Freedom Fin. Network LLC*, 400 F.Supp.3d 964, 971 (N.D. Cal. 2019). Further, expert testimony must be "reliable" – *i.e.*, it must "relate to scientific, technical, or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs." *Huawei Technologies, Co, Ltd. v. Samsung Elecs. Co. Ltd.*, 340 F.Supp.3d 934, 947 (N.D. Cal. 2018); *see also* FRE Rule 702 (c-d) (expert testimony must be "the product of reliable principles and methods" and the opinions must reflect a "reliable application of the principles and methods to the facts of the case").

The H3Snark Mods provide testimony on several matters involving "scientific, technical, or other specialized knowledge," including (1) legal matters (*see* Dkt. No. 23, ¶¶ Preamble, 1-3, 6-8, 10-13.1, 14-17.1, 17.5, 17.10, 19-21, 22, 22.2, 23.4.1, 23.5, 24, 25, 29-34, 38-41.1, 42.1-43, 45-46, 47-48, 49.2.1-62, Ex. 91); (2) digital forensics and computer science (*id.*, ¶¶ 17.3, 19, 45, 49.1-49.1.1, 49.3 Exs. 89, 91); and (3) streaming and online video content creation (*id.*, ¶ 10). The H3Snark Mods provide no testimony as to their qualifications on these subjects or the reliability of their methods. TEI objects to the aforementioned paragraphs (with accompanying footnotes) and exhibits insofar as they contain improper expert testimony.

**Lack of Personal Knowledge**: A lay witness's testimony must involve "personal

knowledge of the matter" – *i.e.*, subject matter "rationally based on the witness's perception." FRE 602, 701(a). This requirement does not necessitate "a witness to be personally present or involved in every interaction" or testify "merely [to] his personal observation[s]"; it can include "information contributed by others" as part of an investigation. *Joshua David Mellberg LLC v. Will*, 386 F.Supp.3d 1098, 1102 (D. Ariz. 2019); *U.S. v. Gadson*, 763 F.3d 1189, 1209 (9th Cir. 2014). A lay witness, however, "may not testify based on speculation, rely on hearsay or interpreting unambiguous, clear statements." *U.S. v. Lloyd*, 807 F.3d 1128, 1154 (9th Cir. 2015). Moreover, "conclusory affidavits that do not affirmatively show personal knowledge of specific facts are insufficient." *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008).

As a general matter, the H3Snark Mods do not testify they have personal knowledge of the facts contained in the Reply Declaration. Further, since the Reply Declaration is on behalf of all 8 H3Snark Mods, it is unclear if all, some or none have personal knowledge of a particular subject.

Regardless, TEI objects to the following paragraphs (with accompanying footnotes and screenshots) and exhibits insofar as they contain testimony that – on their face – could not be based on personal knowledge: Dkt. No. 23, ¶¶ Preamble, 1, 3, 5, 7, 10-11, 13-16, 17.5-17.6, 17.10, 18-21, 22-22.2, 23.3.1, 24, 25, 27-29, 30-31, 38-41.1, 43-46.1, 48, 49.1-51.1, 53, 57-61, Exs., 76, 78, 80, 86-91, 93.

**Incomplete Statements**: Under FRE 106, if "a party introduces all or part of a statement, an adverse party may require the introduction … of any other part – or any other statement – that in fairness ought to be considered at the same time" and may be done "over a hearsay objection." While "Rule 106 does not authorize the Court to exclude evidence; instead, it permits the adverse party to include evidence." *Paine v. Inv. & Admin. Comm. of Walt Disney Co. Sponsored Qualified Benefit Plans*, 630 F. Supp. 3d 1275, 1281 (C.D. Cal. 2022).

Pursuant to FRE Rule 106, TEI identifies the following paragraphs that cite incomplete statements from various videos and is providing corrected timestamps that in fairness ought to be considered at the same time to refute and/or contextualize the assertions made in the identified paragraphs: (1) Paragraphs 23-23.4 (citing Ex. 83) require considering 6:45-7:10 & 3:01:31-3:05:59; (2) Paragraphs 24-24.1.1 (citing Ex. 84) requires considering 56:27-56:39; (3) Paragraph

26.1 (citing Ex. 84) requires considering 3:49:06-3:51:04 specifically and 3:25:02-3:51:04 generally; (4) Paragraph 39 (citing fn. 28) should consider 2:36:10-2:43:34 and Dkt. No. 16-2, ¶ 76; and (5) Paragraph 44 (citing fn. 35) should consider 3:33-4:53 and Dkt. No. 16-2, ¶ 77.

**Improper Summary Evidence**: Summary evidence under FRE 1006 is admissible if "the underlying materials upon which the summary is based … are admissible." *U.S. v. Aubrey*, 800 F.3d 1115, 1130 (9th Cir. 2015). The summary contained in Exhibit 76 is not based on admissible evidence. The H3Snark Mods admit the summary is based on an edited version of the January 31, 2025 broadcast of defendant Alexandra Marwa Saber p/k/a Denims – not submitted into evidence. Dkt. No. 23, ¶ 13 & fn. 4. The version serving as the basis for Exhibit 76 is inadmissible as "original," "recording" or "duplicate" – as it contains substantive edits and edits for dead air that fail to accurate capture the nature of Denims' use. FRE 1001-1003. Exhibits 91-93 are improper summaries because they are based on out-of-court statements used for the truth of the matter asserted to which no hearsay exception applies. FRE 801-803. Finally, Exhibits 78, 88 and 91 are improper summaries because they lack proper authentication demonstrating the "item is what it is claims to be" and do not involve self-authenticating items. FRE 901-902.

**Irrelevance**: Evidence is relevant if: (1) "if has any tendency to make a fact more or less probable than it would be without the evidence;" and (2) "the fact is of consequence in determining the action." FRE 401. A fact is of consequence if it relates to "the substantive issues of the case." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). "Irrelevant evidence is not admissible." FRE 402. Further, the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, undue delay, wasting time, or needless presenting cumulative evidence." *Id.* at 403.

Under FRE 401-403, TEI objects to the following paragraphs (with accompanying footnotes and screenshots) and exhibits insofar as they contain irrelevant information or its minimal probative value is substantially outweighed by undue prejudice, confusing the issues, undue delay, wasting time, or needlessly cumulative: Dkt. No. 23, ¶¶ Preamble, 1-17.6, 17.10-21, 21.1.1-22.3, 23.3.1-23.5.1, 24.1.1-29, 31-54, 55.1-62, Exs. 76-80, 82, 85-88, 90-94.

**Mischaracterization of Cited Evidence**: A court does "not abuse [its] discretion in

preventing [a witness] from mischaracterizing evidence." *U.S. v. Caterino*, 956 F.2d 275, *6 (9th Cir. 1992). In some instances, the mischaracterization is evident from an independent review of the cited material. In such instances, the Court should "examine the evidence and determine what it actually states." *Long Haul Inc. v. U.S.*, 2011 WL 13070084, *2 (N.D. Cal. July 26, 2011).

The following paragraphs (including footnotes) and exhibits mischaracterize the cited videos and the mischaracterization is evident from the material itself. Dkt No. 23, ¶¶ Preamble, 13.2, 21.3, 39, 44, 47.1, 49.2, 57.1, Exs. 76, 88.

The following paragraphs cite the Declaration of Rom Bar-Nissim (Dkt. No. 16-1) and the Kleins Joint Declaration (Dkt. No. 16-2) and mischaracterize their contents: Dkt. No. 23, ¶¶ 13.1, 17.4, 29, 31, 34, 39, 43, 45, 48, 49.2-49.2.1, 49.3, 50, 51, 54, 55.1.

The following paragraphs (including their accompanying footnotes) cite the prior declarations submitted with the motion (Dkt. Nos. 7-8) and mischaracterize their prior testimony or the prior testimony itself was misleading or false: Dkt No. 23, ¶¶ Preamble, 3-4, 8, 11, 14-16, 18-21, 22-22.2, 23.5.1, 33-34, 37, 41.1, 42.1, 47.1, 49.2.1, 51-51.1, 53-54.

The following paragraphs (including their accompanying footnotes and screenshots) and exhibits mischaracterize the evidence and to prove the mischaracterization would require extrinsic evidence: Dkt. No. 23, 22.1, 39, 47.1, 49.2, 51-52, Exs. 91.

**Improper Arguments in Reply**: "[R]eply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Stiner v. Brookdale Senior Living, Inc.*, 665 F.Supp.3d 1150, 1179 (N.D. Cal. 2023). A "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). "[A]rguments raised for the first time in a reply brief are waived." *In re Xyrem (Sodium Oxybate) Antitrust Litigation*, 555 F.Supp.3d 829, 885 (N.D. Cal. 2021).

The H3Snark Mods make numerous legal and factual arguments for the first time in their Reply Brief that are not in response to the opposition – let alone unforeseen at the time of the original motion. *See* No. 20, pp. 8:9-10, 8:21-26, 9:9-14, 10:19-21, 11:2-12, 11:26-12:2, 13:20-25, 14:9-14, 14:24-15:6, 15:18-21, 16:9-25, 17:8-28, 18:5-26, 19:24-20:8, 20:14-17. TEI requests that the Court finds that the legal and factual arguments identified above be deemed waived.

| | |
|---|---|
| Dated: November 10, 2025 | **HEAH BAR-NISSIM LLP** |
| | By  /s/ ROM BAR-NISSIM |
| | ROM BAR-NISSIM |
| | Attorneys for Respondent/Plaintiff Ted Entertainment, Inc. |