1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Leah Rosa Vulic (Bar No. 343520)
548 Market St. #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
leah@kr.law

Attorneys for Movants/Defendants Does

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

**IN RE. SUBPOENAS TO REDDIT, INC. AND DISCORD, INC.**

Case No. 3:25-mc-80296-SK

(Case No. 2:25-cv-05564-WLH-PD, Pending in Central District of California)

**DOES' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL LOCAL RULES 7-3 AND 7-11 TO SUBMIT ADDITIONAL EVIDENCE IN SUPPORT OF THEIR MOTION TO QUASH SUBPOENAS TO REDDIT, INC. AND DISCORD, INC.**

**MTN FOR ADMIN RELIEF TO SUBMIT ADDITIONAL EVIDENCE**

**Introduction**

Does bring this administrative motion pursuant to Civil Local Rules 7-3 and 7-11 seeking the Court's permission to introduce limited new evidence in support of their motion to quash.

**Background**

As background, TEI filed three lawsuits, all of which include Does as defendants and allege that Does committed contributory copyright infringement, in coordination with three separate content creators. (D.E. 1 at 8:16-19.) Does' instant motion to quash arises from TEI's issuance of subpoenas to Reddit and Discord, seeking to unmask Does, in TEI's case against a content creator named Denims. (*Id.* at 9:4-6.) TEI's other lawsuits are against Kaceytron and Frogan. (*Id.* at 8:16-19.) Does maintain that the sole purpose of TEI's three lawsuits is to unmask Does for perceived wrongs unrelated to copyright infringement, and that the balance of harms—to Does personally and to the public's right to free, critical speech—weighs against unmasking Does.

On December 1, 2025, TEI and Kaceytron participated in court-ordered mediation. (Vulić Decl. ¶2.) That case settled as to Kaceytron. (*Id.* at ¶2.) TEI dismissed Kaceytron from the lawsuit, but not Does. (*Id.* at ¶2 & Ex. A.) On December 2, Kaceytron published an "apology video" ("Apology Video") claiming she *did* commit copyright infringement and promising to help TEI in its case to unmask Does, including by providing testimony under oath. (*Id.* at ¶3, Exs. 95-96.)

Does seek the Court's permission to introduce 1) Kaceytron's "Apology Video"; 2) TEI's reaction shows to the same, and to Denims' reaction; 3) Kacey's prior statements contradicting her statements in the Apology Video, including denying any involvement with Does; 4) various other reactions to the Apology Video, reflecting repercussions to Does; and 5) Denims' reaction to the Apology Video. (*Id.* at ¶¶4-12 & Exs. 95-105[1].) Most of this evidence was not available at the time Does filed their motion to quash or reply, so it could not have been introduced earlier.

Kaceytron's hostage-style Video Apology in particular emphasizes TEI's interests well outside copyright protection underlying TEI's three lawsuits. Further, Kaceytron's prior statements that she has no involvement with or knowledge of Does, contradicts Kaceytron's Apology Video

---

[1] Does request the Court's permission to supplement the evidentiary record with Exs. 95-105 to the Vulić Decl. All references to "Ex." herein are to exhibits to the instant Vulić declaration.

**MTN FOR ADMIN RELIEF TO SUBMIT ADDITIONAL EVIDENCE**

KRONENBERGER ROSENFELD

1    that she has any credible information which will assist in implicating Does. Indeed, Kaceytron's

2    Apology Video, stating that she will use money she raised in a GoFundMe ("GFM")[2] for payment

3    *to TEI*, along with her anticipated contradictory testimony against Does, appears to be coerced in

4    exchange for dismissal of the lawsuit against her, so that TEI does not "ruin" her life. (*See* fn. 4.)

5    TEI's shows reacting to Kaceytron's Apology Video and Denims' reaction thereto evidence

6    TEI's bad-faith intentions, contradict its statements that it will not use Does' identifying information

7    to dox or humiliate them, and show the goal of TEI's lawsuits is to ruin its critics' lives, financially

8    or otherwise. Denim's commentary is relevant to show that there is absolutely no collusion

9    supporting contributory copyright infringement in *this* case. Other reactions show the despicable

10   outrage TEI fans will unleash (and *are* unleashing) against Does if they are unmasked.

11   This evidence is directly relevant to 1) TEI's motivations in filing its three lawsuits and

12   unmasking subpoenas; 2) the harms Does and the public face by TEI's stifling of free speech and

13   unmasking, including retaliation and doxing; and 3) the *lack* of evidence of any collusion between

14   Does and content creators. Overall, this evidence affirms that TEI should be held strictly to the high

15   *Highfields* bar before it can unmask Does—and that the balance of harms weighs in favor of Does.

16   A stipulation to this administrative motion (Civ. L.R. 7-11(a)) could not be obtained from

17   TEI. (Vulić Decl. ¶¶13-15.)

### Argument

19   Civil Local Rule 7-3(d) provides that "[o]nce a reply is filed, no additional memoranda,

20   papers or letters may be filed without [Court] prior approval," except an objection to reply evidence

21   or a statement of recent decision. *See Roshan v. Lawrence*, 689 F. Supp. 3d 697, 703 (N.D. Cal.

22   2023). In other words, *with* court approval, litigants may seek to file additional or supplementary

23   material, including evidence which did not exist at the time of the filing of the original motion. *See*

24   *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 908-09 (N.D.

25   Cal. 2011), *aff'd*, 495 F. App'x 830 (9th Cir. 2012); *see also Advanced Internet Techs., Inc. v.*

26   *Google, Inc.*, 2006 WL 889477, at *1, n.1 (N.D. Cal. Apr. 5, 2006). Courts in the Ninth Circuit

28   ───────────────
     [2] https://www.gofundme.com/f/support-kaceytrons-legal-battle-fund

**KRONENBERGER ROSENFELD**

interpreting similar local rules have allowed introduction of supplemental evidence when the material was not available to the party at the time of briefing and the documents' pertinence is established at the time of briefing. *See, e.g., Cassity v. GCI, Inc*., 2017 WL 8231260, at *2 (D. Alaska July 13, 2017). [3] Further, Does seek to introduce a discrete set of new evidence, **not** to start a never-ending cycle of supplementary factual filings. *See Y.F. Tr. v. J.P. Morgan Chase Bank, N.A*., 2010 WL 11629325, at *5 n.3 (D. Ariz. Mar. 30, 2010).

Further, a district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002). Here, it would be unjust to preclude Does from introducing this evidence where it is directly relevant to Does' arguments in its motion to quash and is new evidence that did not previously exist. Additionally, TEI will not be prejudiced.

**1. Apology Video.** While Kaceytron's Apology Video speaks for itself, it also says more about TEI's motivations and intentions for future actions to unmask Does. Specifically, it shows TEI is using heavy legal/financial pressure to force its critics to recant, align with TEI, and assist in pursuing others (i.e., Does) in exchange for settlement. No reasonable person could view this Apology Video as a genuine apology as opposed to a capitulation to legal threats, doxing, and harassment. This evidence belies TEI's position that its primary goal with these subpoenas is to combat copyright infringement.

Moreover, in her Apology Video, Kacey changes her story: Kaceytron previously stated that she does not believe she committed contributory copyright infringement, and knows *nothing* about the h3snark Subreddit or its moderators. (Exs. 97-99.) In her Apology Video, she states that she did commit copyright infringement (a legal conclusion she is not qualified to make), and that she will *help* TEI in its case against the h3snark mods. (Ex. 96.) All of Kaceytron's statements may thus be used to impeach her credibility in *any* statements *against* Does (the h3snark mods). *See United States v. Bao*, 189 F.3d 860, 865-66 (9th Cir. 1999) (a prior inconsistent statement is admissible to

---

[3] Even where supplemental evidence is filed in violation of court rules (which Does' evidence would not be, because Does are explicitly seeking approval prior Court approval), courts have considered supplemental evidence where it is helpful and not prejudicial. *See Michael Grecco Prods., Inc. v. TrekMovie.com*, 677 F. Supp. 3d 1104, 1111 n.3 (C.D. Cal. 2023).

KRONENBERGER ROSENFELD

raise the suggestion that if a witness makes inconsistent statements, then his entire testimony may not be credible; this inference does not depend on whether either statement is true). Any future knowledge Kacey suddenly claims to know about Does (whether in the Denims lawsuit, at issue here, or in future requests by TEI for subpoenas), thus creates an inference against her credibility.

- Kaceytron also makes apologies related to her prior speech, but unrelated to copyright.
- Kaceytron previously stated that she would not use any of her GFM money for a monetary settlement with Ethan. (Ex. 99.) In her actual settlement, she promises to hand over to Ethan all of the money for her GFM that she doesn't pay to her attorneys. (Ex. 96.)

Kaceytron's Apology Video is disturbing at best, and the apparent terms of their settlement (based on her statements) show the lawsuits are about: 1) silencing, and indeed extorting, TEI's critics, and TEI's critics' supporters, 2) obtaining vindication for perceived reputational harms, and 3) unmasking Does, whose only actions were to moderate a subreddit critical of TEI.

It is true that parties are able to agree to terms of settlement that a court would not enforce on its own, including an apology. *See United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 3103652, at *3 (N.D. Cal. Sept. 22, 2009) (short of trial, the parties are free to negotiate the terms of an injunction as they wish). But the content of this particular "apology," Kacey's delivery while reading it, and the apparent terms of the settlement itself, at best lend an air of coercion.

**2.     Other reactions to Kacey's Apology Video.** Reactions to Kacey's Apology Video demonstrate the severe harms and harassment Does *will face* (and are already facing) if unmasked.

a.   **Harassing responses.** TEI's supporters immediately reacted in hateful ways, attacking Kacey, praising her downfall and financial ruin, and gleefully heralding the anticipated forthcoming ruination of Does. (Ex. 100.)

b.   **Hate messages to Does.** Even though the h3snark subreddit first went inactive in February 2025 and has been completely inactive since May 2025, Does received hateful modmail through Reddit, and TEI fans attempted to post to the h3snark subreddit. (Ex. 101.)

c.   **H3's Instagram stories.** H3's Instagram stories about the mediation and thereafter demonstrate TEI's glee about its "victory" and mock Kacey's fans who donated to her GFM for essentially donating to TEI. (Ex. 102.)

**3.    TEI's reaction videos.** TEI's reactions to Kaceytron's Apology are even more probative of TEI's motives. Ethan repeatedly thanks Kacey's GFM contributors for donating "him" money, then visually shares her (now deleted) GFM page, and publicly identifies people who donated to supporting Kaceytron financially in her defense. (Exs. 103a-c.) When TEI publicly celebrates entitlement to money raised by its critics—especially when that money was meant to help a defendant facing ruinous legal costs—it signals to other potential critics that not only could they be sued, but their supporters could also be targeted and humiliated, silencing speech and criticism. Further, TEI's self-serving prior assertions that it would *not* dox Does, while it publicly names contributors to other defendants' causes, are completely unbelievable. Obviously TEI is free to discuss these lawsuits; they are public. But TEI's behavior here transforms the legal process into a weapon for silencing dissent rather than a neutral tool for protecting rights, leading to self-censorship and discouragement from engaging in protected speech out of fear of similar retaliation.

TEI's show discussing Denims' reaction (Exs. 104a-c) shows TEI is using these lawsuits to exert control over its critics.[4] This evidence shows TEI's message: If you settle and pay TEI to avoid ruination like Kaceytron did, you will be rewarded with praise and grace—at least until the next show.[5] If you fight, like Denims and Does, you are subject to endless degradation and harassment.

**4.    Denims' reaction post.** Denims' reaction post to Kaceytron's Apology is relevant to show that there is absolutely no collusion with Does or common intent to infringe.[6] This is crucial for the Court's analysis, as, given the ominous nature of Kaceytron's statements in her Apology that she intends to *help* TEI in its case against Does, Kaceytron (or even Denims) may try to alter her narrative, despite her prior statements she did not infringe and did not coordinate with Does.

### Conclusion

For the foregoing reasons, Does request the Court consider this additional evidence.

---

[4] Ethan Klein states: "You're welcome for giving her [Kacey] that opportunity [to settle]. I could have dragged it out and fucking ruined her whole life." (Ex. 104a [1:04-1:17]; YouTube video at 1:53:49-1:54:02.)

[5] (Ex. 104a [11:40-11:51]; YouTube video at 2:04:26-2:04:37 ("You three morons [including Kaceytron] were the only ones malicious and dumb enough to make such an insane error")).

[6] Denims' statements are consistent with Does' sworn testimony. *See* D.E. 8 ¶¶ 17, 21, 34-35, 40, 124-125, 127-129, 131-132, 156, 169, 227-228, 294 and D.E. 23 ¶¶ 2, 8, 10-11, 14, 60.

KRONENBERGER ROSENFELD

Respectfully Submitted,

DATED: December 9, 2025                          **KRONENBERGER ROSENFELD, LLP**


By:    /s/ Leah Rosa Vulić
                                                      Leah Rosa Vulić

Attorneys for Movants/Defendants Does