| | |
|---|---|
| ROM BAR-NISSIM (SBN: 293356)<br>Rom@HeahBarNissim.com<br>**HEAH BAR-NISSIM LLP**<br>1801 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone: 310.432.2836<br><br>Attorneys for Respondent/Plaintiff<br>TED ENTERTAINMENT, INC. | |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE. SUBPOENAS TO REDDIT, INC. AND DISCORD, INC. | Case No.: 3:25-mc-80296-SK<br><br>(Case No. 2:25-cv-05564-WLH-PD, Pending in Central District of California)<br><br>**TED ENTERTAINMENT, INC.'S OPPOSITION TO THE DOE DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF** |

1    Plaintiff/Respondent Ted Entertainment, Inc. ("TEI") submits its opposition to the
Administrative Motion ("Motion") of Movants/Defendants Does (the "H3Snark Mods").

## I. INTRODUCTION

The H3Snark Mods' Motion demonstrates that the present action is not about protecting their ability to criticize, but to silence any criticism made against them. This is the H3Snark Mods' *fourth* proffer of evidence and *third* substantive brief. Not only is this improper for an administrative motion, it is a pattern of conduct by the H3Snark Mods to prevent TEI from providing an adequate response. TEI was able to debunk the H3Snark Mods' evidence argument in TEI's opposition and supporting papers. In response, the H3Snark Mods improperly raised new arguments in their reply brief and new evidence in their reply declaration. The purpose was clear: to prevent TEI from exposing them again. This Court must deny the Motion to prevent the H3Snark Mods from continuing to abuse the judicial system for the reasons set forth below.

## II. THE MOTION IS NOT A PROPER ADMINISTRATIVE MOTION

Local Rule ("L.R.") 7-3(d) prohibits filing any additional evidence after a reply brief is filed. L.R. 7-11 governs administrative motions and states they are to address "miscellaneous administrative matters" – such as "motions to exceed otherwise applicable page limitations or motions to file documents under seal." L.R. 7-11. The Motion does not address administrative or procedural matters; rather, it is an improper substantive motion going to the merits of the case.[1] For this reason alone, the Motion should be denied. *See Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (affirming court's denial of administrative motion to supplement the record for failure to comply with L.R. 7-11).

The H3Snark Mods reliance on *Advanced Internet Technologies., Inc. v. Google Inc.*, 2006 WL 889477 (N.D. Cal. Apr. 5, 2006) further emphasizes that denial is warranted. The Court noted that a "request for a stay in a putative class action is hardly the sort of minor administrative matter that is appropriate for treatment" but granted the motion because of "the substantial merit"

---

[1] *Cf. Robertson v. Qadri*, 2007 WL 2221075, *1 (N.D. Cal. Aug. 2, 2007) (administrative motion was an improper vehicle for motion to quash); *Omoregie v. Boardwalk Auto Center, Inc.*, 2008 WL 4792643, *1 (N.D. Cal. Oct. 31, 2008) (administrative motion was an improper vehicle to stay litigation); *Dister v. Apple-Bay East, Inc.*, 2007 WL 4045429, *3-4 (N.D. Cal. Nov. 15, 2007) (same); *Spieler v. Mt. Diablo Unified School Dist.*, 2007 WL 1795701, *3 ("motions seeking amendment or clarification" were improper under L.R. 7-11).

of the request "and the *lack of prejudice*" to the opposing party. *Id.*, *1 (emphasis added).

The Motion lacks merit and is extremely prejudicial to TEI. The Motion is intended to deprive TEI of an adequate opportunity to respond to the H3Snark Mods' misrepresentations, misleading statements and rank speculation. *See* Declaration of Rom Bar-Nissim ("RBN"), ¶¶ 14-18, Exs. 106-107; Joint Klein Declaration ("JKD"), ¶¶ 4-10, Exs. 108-119. TEI only has five pages to – not only debunk these statements – but address the impropriety of the Motion and lodge its evidentiary objections. When TEI offered to stipulate to a three-stage process that ensured fairness and due process to all parties, the H3Snark Mods rejected TEI's proposal. RBN, ¶¶ 3-6; Dkt. No. 25-1, pp. 16-17. The H3Snark Mods claimed they did not want to "re-open briefing" – yet that is exactly what they have done. *Id.* Moreover, this is the H3Snark Mods: (1) ***fourth*** submission of evidence (Dkt. Nos. 7-8, 15, 21, 23, 25-1, 26); and (2) ***third*** substantive brief on the merits (Dkt. Nos. 1, 20, 25). In contrast, TEI has only had ***one*** opportunity to do both. Dkt. Nos. 16-16.2. The starkly disproportionate amount of briefing and evidence severely prejudices TEI. RBN, ¶¶ 3, 5.

Furthermore, the H3Snark Mods have previously deprived TEI of an opportunity to respond. As TEI previously noted, the H3Snark Mods raised new arguments in their reply brief and introduced new evidence in their reply declaration. Dkt. No. 24, pp. 2:4-16, 6:18-28. This was done with the express purpose of preventing TEI from debunking said evidence and argument as TEI did with its opposition. *See* Dkt. Nos. 16-1, ¶¶ 3-40, 56, 79-80; 16-2, ¶¶ 25 (fn. 18), 35-97; 24, pp. 4:18-5:15, 5:28-6:17. The Motion seeks to do this again by severely limiting TEI's ability to refute their arguments and debunk their misrepresentations.

The H3Snark Mods exploit the fact that mediation is confidential by advancing conspiracy theories on what occurred. TEI is unable to fully address these conspiracy theories because it is prohibited from disclosing what occurred in mediation. RBN, ¶¶ 13, 15; JKD, ¶ 6.

Alternatively, this Court should grant TEI leave to file a sur-reply and sur-reply evidence – not only to more adequately address the Motion – but the new arguments in the Reply Brief and new evidence in the H3Snark Mods Reply Declaration. *See Stiner v. Brookdale*, 665 F.Supp.3d 1150, 1179 (N.D. Cal. 2023) (newly raised evidence and argument in reply should be disregarded unless the opposing party is given "an adequate opportunity to respond").

## III. ADDRESSING THE H3SNARK MODS "EVIDENCE"

**Evidence Related to Kaceytron:** The H3Snark Mods' focus on Kacey Caviness p/k/a Kaceytron ("Kaceytron") is bizarre. They seek to impeach a witness that TEI has no intention to call in the present action – nor did it communicate to the H3Snark Mods counsel an intent to do so. RBN, ¶ 16. This further emphasizes that the Motion is a transparent attempt by the H3Snark Mods to improperly make a fourth submission of evidence and a third substantive brief.

Further, the evidence concerning Kaceytron is irrelevant under the various tests involving unmasking an anonymous defendant in the context of a copyright infringement claim. *See In re DMCA Subpoena to Reddit, Inc.* 441 F.Supp.3d 875, 880 (N.D. Cal. 2020) (holding no balance of the equities is applied in the copyright context); *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F.Supp.3d 868, 876 (N.D. Cal. 2022) (balance of the equities involves "weighing the potential harm to the party seeking disclosure against the speaker's interest in anonymity, in light of the strength of the underlying claim").

Indeed, as TEI demonstrated in its opposition, there are several cases that find that there is minimal, if any First Amendment protection when – as here – the plaintiff has made a *prima facie* claim of copyright infringement. Dkt. No. 16, p. 28:11-18 (quoting *Baugher v. GoDaddy, Inc*, 2021 WL 4942658, *5 (D. Ariz. Oct. 22, 2021); *Agdal v. X Corp. In Interest to Twitter, Inc.*, 2025 81594, *5 (N.D. Cal. Jan. 13, 2025); *In re DMCA Subpoena to Reddit*, 441 F.Supp.3d at 882).

At best, the evidence is marginally relevant to courts that follow the four-factor balancing test – namely whether "the subpoena seeking the information was issued in good faith and not for any improper purpose." *Cognosphere Pte. Ltd. v. X Corp.*, 2024 WL 4227594, *3 (N.D. Cal. Sept. 18, 2024); *In re Reddit, Inc.*, 671 F.Supp.3d 1022, 1025 (N.D. Cal. 2023).

True to form, the H3Snark Mods intentionally omit evidence that refutes their assertions. They provide three "clips" from TEI's December 2, 2025 podcast (the "12/2/25 Podcast"). These clips total 12:46 minutes when the segment discussing Kaceytron's public apology was a total of 55:10 – *i.e.*, a mere 23%. JKD, ¶ 5(a), Ex. 108 1:26:30-2:21:40. On *fifteen separate occasions*, Ethan and Hila Klein discuss: (1) their motives for pursuing TEI's copyright claims – namely as a form of activism to protect YouTube creators for malicious copyright infringement; (2) the

importance of grace and forgiveness to Kaceytron; (3) praising and complimenting Kaceytron's talent and self-awareness; (4) expressing compassion for Kaceytron's family situation; and (5) instructing the audience to forgive Kaceytron and accept her apology.[2]

TEI's motive behind the copyright lawsuits was further emphasized the following day in the December 3, 2025 podcast (the "12/3/25 Podcast"). On *five separate occasions*, Ethan and Hila discussed the purpose of TEI's copyright infringement when responding to the social media post of Alexandra Marwa Saber p/k/a Denims ("Denims").[3]

Rather than provide meaningful argument, the H3Snark Mods – once again – treat their Motion like their subreddit. They engage in rank speculation about what transpired during mediation to impute ulterior motives regarding the subpoenas to Reddit and Discord. This is another attempt by the H3Snark Mods to prevent TEI from providing a meaningful response – as it is bound by the confidentiality obligations of mediation. RBN, ¶¶ 13, 15, 18; JKD, ¶ 6. Ethan and Hila Klein – along with TEI's counsel – will only disclose what occurred in mediation if the Court deems it necessary and orders that they submit declarations for *in camera* review. *Id.*

Insofar as the H3Snark Mods rely on its newly submitted evidence to support this speculation, the evidence is inadmissible because it is: (1) made without personal knowledge (Federal Rule of Evidence ("FRE") 602, 701); (2) improper character evidence to which no exception applies (*id.* 404-405); (3) protected by the settlement privilege (*id.* 408); (4) hearsay to which no exception applies (*id.* 801-803); (5) improper impeachment evidence because there is no testimony to impeach (*id.* 607-608); (6) improper legal arguments/legal conclusions; (7) improper expert testimony (*id.* 702); and (8) irrelevant both legally and factually (*id.* 401-403).

**Evidence Related to Denims:** The H3Snark Mods seek to use hearsay statements (FRE 701-703) by Denims as evidence there was no conspiracy to siphon views away from TEI's copyrighted works. Once again, the H3Snark Mods are attempting to refute an argument that TEI never made. Further, evidence that Denims produced in discovery – along with subsequent investigation – revealed that the H3Snark Mods attempted to do just that: collude with Denims

---

[2] JKD, ¶ 5(a), Ex. 108 at 1:27:18-1:28:10, 1:30:03-1:30:14, 1:30:47-1:31:07, 1:32:14-1:32:30, 1:33:07-1:33:32, 1:36:51-1:37:46, 1:38:32-1:38:58, 1:41:16-1:41:45, 1:50:14-1:51:07, 1:51:27-1:52:03, 2:11:07-2:11:42, 2:12:41-2:13:37, 2:13:50-2:14:37, 2:14:44-2:15:27, 2:15:49-2:17:39.
[3] JKD, ¶ 5(b), Ex. 104a at 5:30-6:12, 7:45-8:13, 9:35-10:07, 10:22-10:50, 11:20-11:50.

with the express purpose of siphoning views away from TEI. RBN Decl., ¶ 19, Exs. 106-107.

On January 21, 2025, the H3Snark Mod with the Discord username Dart0is sent Denims a direct message on Discord stating: "Can you advertise on the H3Snark before or when the content puke [*i.e.*, *The Nuke*] is released? I try time to time to gather people there to join your stream but we need you for this one ***so we don't boost Ethan's release***." RBN Decl., ¶ 19, Ex. 106 (emphasis added). On January 28, 2025, Dart0is sent a screenshot on Denims' Discord server from H3Snark that stated: "Remember to just wait a bit and watch it on Denim twitch stream (or other creators). WE MUST NOT FEED ETHAN'S ENGAGEMENT." *Id.*, Ex. 107 (original emphasis). Dart0is responded to a user asking whether Denims would host a watch party with: "i hope we do, im *marketing* like crazy for it." *Id.* (emphasis added). Dart0is clarified with: "promoting sorry (snark mostly). hopefully the content puke will be the nail in ethan's coffin, ***but the amount of hatewatch could help him survive a couple of quarters if all watch it.***" *Id.* (emphasis added). This shows the H3Snark Mods lied to this Court about their intent to siphon views away from TEI.

**Various Internet Comments**: The H3Snark Mods provide various statements made over the Internet in support of their request for a protective order to prevent people from teasing them online in the event the motion to quash is denied. Dkt. Nos. 25-1, Exs. 100-101. Notably, none of these messages threaten the H3Snark Mods in any manner. Rather, the messages emphasize "the public interest in knowing the party's identity" – which weighs in favor of disclosure. *Doe v. UNUM Live Ins. Co. of Am.* ("*UNUM*"), 164 F.Supp.3d 1140, 1144 (N.D. Cal. 2016).

Unsurprisingly, the H3Snark Mods digitally manipulated their evidence and presents it in a highly misleading manner. JKD, ¶¶ 7-9, Exs. 108-114 . Further, the comments provided by the H3Snark Mods are incredibly mild compared to the vicious and hateful abuse and harassment they fostered on r/H3Snark and that their supporters perpetuate. *Compare* Dkt. No. 25-1, Exs. 100-101 *with* Dkt. No. 16-2, ¶¶ 38-56 & JKD, ¶¶ 10, Exs. 115-119. Such evidence hardly warrants a deviation from the "normal presumption in litigation that parties must use their real names." *Doe v. Epic Games, Inc.*, 435 F.Supp.3d 1024, 1053-54 (N.D. Cal. 2020) ("retaliation" and "social stigmatization" insufficient to warrant anonymity); *UNUM*, 164 F.Supp.3d at 1146-47 ("embarrassment" and "stigma" insufficient to warrant anonymity).

Dated: December 15, 2025　　　　　　　　　　**HEAH BAR-NISSIM LLP**

By /s/ ROM BAR-NISSIM
ROM BAR-NISSIM
Attorneys for Respondent/Plaintiff Ted
Entertainment, Inc.