**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Leah Rosa Vulic (Bar No. 343520)
548 Market St. #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
leah@kr.law

Attorneys for Movants/Defendants Does

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE. SUBPOENAS TO REDDIT, INC. AND DISCORD, INC. | Case No. 3:25-mc-80296-SK<br><br>(Case No. 2:25-cv-05564-WLH-PD, Pending in Central District of California)<br><br>**DOES' RESPONSE TO TED ENTERTAINMENT, INC.'S OPPOSITION TO DOES' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL LOCAL RULES 7-3 AND 7-11 TO SUBMIT ADDITIONAL EVIDENCE IN SUPPORT OF THEIR MOTION TO QUASH SUBPOENAS TO REDDIT, INC. AND DISCORD, INC.** |

Case No. 3:25-mc-80296-SK                                   **DOES' RESPONSE TO TEI'S OPP TO MTN FOR ADMIN RELIEF**

Does respectfully request the Court consider this brief response to TEI's opposition to Does' motion for administrative relief, TEI's improper submission of additional evidence without court approval, and TEI's improper request for affirmative relief in its Opposition. [D.E. 25, 28-29.]

**INTRODUCTION**

In its Opposition [D.E. 28-29], TEI (without seeking the Court's permission) boldly attempts to introduce new evidence which Does *had never seen* until TEI's filing—because Does had absolutely no involvement with it. [D.E. 28-1, Exs. 106-107, etc.]. TEI also blatantly and baselessly accuses Does of lying to this Court, and improperly requests affirmative relief in an opposition. TEI offers this unapproved "evidence" in its submission to which Does are not, under the Local Rules, technically permitted to reply. This brazen gamesmanship is disrespectful not only to Does, but to this Court and its Rules, and greatly prejudices Does. Does thus request that the Court strike TEI's improper and unauthorized evidence and deny its request for leave to file a sur-reply.

**RESPONSE**

**A.    Does' administrative motion was proper.**

Does' administrative motion was proper to request its relief. Administrative motions are used for miscellaneous matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge. L.R. 7-11. L.R. 7-3(d) provides that a party cannot submit supplemental material after a reply without court approval, but does not specify the procedure for obtaining court approval. Since L.R. 7-3(d) is silent on the procedure, an administrative motion is a proper method. TEI's reliance on *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) is inapposite. In that case, the Ninth Circuit affirmed the denial of an administrative motion not because it was an improper vehicle to request augmentation of the record, but because the moving party failed to include a stipulation or declaration pursuant to L.R. 7-11(a). Here, Does followed Local Rule 7-11. All of TEI's other authority is similarly inapplicable here.

**B.    Does' evidence is directly relevant.**

TEI argues that Does "are attempting to refute an argument that TEI never made," i.e., "evidence there was no conspiracy to siphon views away from TEI's copyrighted works." [D.E. 28 at 4:22-25.] TEI is wrong. A conspiracy or collusion to coordinate views away from TEI is *the entire*

*basis for TEI's claim*; without this, there is no contributory infringement. (Denims Compl. [D.E. 7, Ex. 1] at 40:25-26, 51:23-27, 75:20-22; *see also* Doe Admin Decl. ¶4.] Thus, evidence of *no collusion* is directly relevant.

Further, TEI's belated and irrelevant attempts to *manufacture* evidence of collusion through unverified statements of unrelated third parties, simply show its desperation and *lack* of evidence.

**C.     TEI's request for leave to file a sur-reply should be denied.**

TEI's request for *affirmative relief* to file a sur-reply, in its Opposition [D.E. 28 at 2:24-28], is impermissible. *See Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-BLF, 2016 WL 1213985, at *2 n.2 (N.D. Cal. Mar. 29, 2016) (an opposition is not an appropriate vehicle for seeking affirmative relief); *Frank v. Wells Fargo Bank, N.A.*, 620 F. Supp. 3d 1024, 1028 (C.D. Cal. 2022) (party cannot seek affirmative relief through an opposition brief, citing Fed. R. Civ. P. 7(b)(1)).

If TEI wanted to seek leave to file a sur-reply and offer new evidence, it should have filed a motion seeking such relief. But it has no basis for a sur-reply—the evidence submitted in Does' Reply [D.E. 20-21, 23] directly responded to TEI's evidence in its opposition [D.E. 16-17].

TEI has always had the burden of proof. It cannot now complain that it failed to produce evidence of its claim in: 1) its complaint, 2) a motion to unmask anonymous speakers supported by competent evidence in *any one* of its cases[1], or 3) its opposition. TEI now attempts to introduce, without court permission [*see* L.R. 7-3(d)], "evidence" which is completely irrelevant.

Does offered no new substantive argument in support of their motion to quash in their administrative motion. [D.E. 25.] In contrast, TEI's Opposition is an improper attempt to 1) submit evidence the Court has not given permission to introduce, 2) affirmatively request relief to file a sur-reply, 3) while effectively precluding Does from responding. *See* L.R. 7-11(c) (administrative motion deemed submitted for immediate determination without hearing the day after the opposition is due).

TEI's request should be denied.

---

[1] TEI did not seek substantive court review before issuing its subpoenas. It only submitted a stipulation one of the defendants agreed to. *See Best W. Int'l, Inc. v. Doe*, 2006 WL 2091695, at *4 (D. Ariz. July 25, 2006) (courts typically require some showing before unmasking); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 580 (N.D. Cal. 1999) (plaintiff should file a request for discovery with the Court before seeking identities of anonymous speakers); *see also* D.E. 1 pp. 13-15.

| Case No. 3:25-mc-80296-SK | 2 | DOES' RESPONSE TO TEI'S OPP TO MTN FOR ADMIN RELIEF |

**D.     The court should strike TEI's Opposition and "evidence" in its entirety.**

TEI's never-before-seen "evidence" is not court authorized, and shows its clear attempt to "get in the last word," without allowing *Does* an opportunity to respond, despite its claim that this is what Does attempt to do. [D.E. 28 at 2:14-15.] This Court should strike the declarations of Rom Bar-Nissim and Ethan and Hila Klein [D.E. 28-1 and 28-2] and attached exhibits in their entirety as unauthorized supplemental authority and evidence. *See* L.R. 7-3(d).

**E.     TEI's "evidence" is not relevant—and also not what TEI claims.**

TEI continues to misrepresent "evidence" to fit its narrative. All this does is show that TEI has come forth with no competent evidence of its claim at all.

**1.     Dart0is was never an h3snark mod.**

TEI attempts to introduce evidence (without permission) that Discord user "Dart0is" purportedly wanted to siphon views away from TEI's broadcast of *Nuke*, and apparently posted about it in Denims' Discord server. [D.E. 28 at 5:2-13; D.E. 28-1 ¶19.] TEI further alleges that Dart0is was an h3snark mod. *Id.* The problem is that TEI offers no evidence that Dart0is was an h3snark mod—and, indeed, **this user *never was* an h3snark mod**. (Doe Admin Decl. ¶6.) TEI's own "evidence," on its face, does not establish that Dart0is was an h3snark mod, that any other users in the alleged communications were h3snark mods, or that they acted on behalf of Does (the actual h3snark mods). [D.E. 28-1 Exs. 106-107.] Neither Dart0is, nor anyone else in these conversations, states they are an h3snark mod. *Id.* Does deny the baseless accusations that any of these users were ever h3snark mods.[2] (Doe Admin Decl. ¶6.)

TEI's "evidence" further shows that Denims never responded to whomever this person was (not a mod), showing *lack* of collusion. [D.E. 28-1, Exs. 106-107.] Indeed, there is no indication that Denims ever *saw* these messages. [D.E. 28-1 Exs. 106-107, p. 13 (Dart0is stating "See Denim, Im [sic] thriving even if you ignored me!").] Further, TEI tellingly does not include copies of the actual discovery requests it served, and Denims' written responses and objections to them. Without

---

[2] TEI's repeated accusations that Does lied to the Court [*e.g.*, D.E. 28 at 5:12-13, *see also* D.E. 28-2 ¶¶7-8 (*cf.* Doe Admin Decl. ¶7); D.E. 16-1 fns. 43-45], based on TEI's own misrepresentations, are not evidence and should be stricken. TEI does not *like* Does' evidence, because it doesn't support TEI's theory. This doesn't mean Does are lying. It just means TEI is wrong.

1   these, TEI has not shown the particular request this document is in response to, that Denims herself
2   classified "Dart0is" or any of the other users as an h3snark mod, or how Denims would even know
3   who h3snark mods were. TEI just expects the Court to take it at its word that these documents
4   identify communications between an h3snark mod and Denims. On their face, they do not; and
5   based on evidence from Does, they do not. (Doe Admin Reply ¶6.) TEI simply offers its own
6   interpretation of this "evidence," which the evidence itself contradicts.

7       TEI cannot simply keep identifying anonymous users and *baselessly accusing* them of being
8   h3snark mods in attempts to make a prima facie showing of its claim of contributory infringement
9   to unmask Does.[3] Further, what any random subreddit user did in private, without ratification or
10  approval—or even knowledge—by Does, or Denims [D.E. 28-1 Exs. 106-107; Doe Admin Decl.
11  ¶6], does not impose liability *on Does*. Despite now conducting discovery with Denims, TEI *still*
12  has not produced *any* evidence that a *moderator* of the h3snark Subreddit—or any of the accounts
13  TEI names in its Subpoenas—colluded with any creator. TEI admits that even after discovery with
14  Denims, all it found was a "single communication," which isn't even from an h3snark mod. (Doe
15  Admin Decl. ¶6.) TEI hasn't met its burden of introducing competent evidence of its claim, despite
16  all its chances, and it has now proven that **it can't**. Enough is enough.

17      **2.    TEI continues to conflate any critics (including LeftoversH3) with h3snark.**

18      TEI's "evidence" about "vicious and hateful abuse and harassment" TEI allegedly suffered
19  [D.E. 28-2 ¶10 & Exs. 115-119] is not relevant. It has nothing to do with copyright infringement.
20  Further, it is not based on actions by Does (h3snark mods), or any conduct on the h3snark Subreddit
21  (which has been completely inactive since before these lawsuits were filed). (Doe Admin Decl. ¶5.)
22  Instead, the conduct TEI complains about (irrelevant to copyright) occurred on a completely
23  separate subreddit, https://www.reddit.com/r/LeftoversH3/, or by individuals with no connection to
24  Does at all. [D.E. 28-2 Exs. 115-119; Doe Admin Decl. ¶5.] TEI's "evidence"—completely
25  unrelated to Does—continues to show that it seeks redress for perceived reputational harms and

---

[3] Indeed, TEI's obvious attempt to throw spaghetti at the wall and see what sticks is *already* an improper fishing expedition trying to get Does to confirm or deny who the h3snark mods even are. *See also* D.E. 20 at 13:3-24. Does contend TEI specifically chose not to identify mods from the Subreddit itself, so it could cast as wide a net as possible in its unmasking subpoenas.

1  alleged harassment not attributable to Does. If the court considers this evidence, it should consider
2  it as evidence that TEI is using these lawsuits—and in particular its motion to quash filings—to
3  avenge purported reputational harms.

### 3. TEI's assertions are not credible.

TEI's promises of good faith and non-disclosure [D.E. 28-2 ¶¶2-3)] are disingenuous. (Doe Admin Decl. ¶¶2, 8-12.) TEI has threatened to sue Does for harassment and defamation, many times, but knows it cannot because of Section 230 and California's anti-SLAPP protections, so it "formulated a plan…to trap" Does into copyright lawsuits to subpoena their identities. Honoring TEI's pretext will only create precedent for copycat copyright infringement suits by the wealthy and politically powerful to unmask critics, dox them, and bury them in legal filings.

### F. TEI has not shown why it couldn't have introduced its "evidence" in its opposition.

TEI's "evidence" of comments in Denims' Discord server should have been introduced in its opposition [D.E. 16]. TEI served discovery requests on Denims on August 22, 2025. [D.E. 7 at pp. 539-548, 544] (Joint Rule 26(f) Report in *Denims* case).] That means Denims' discovery responses were due 30 days later, the day Does' motion to quash was filed (September 22, 2025), and *a month before* TEI filed its opposition. [D.E. 16.] TEI has shown no reason for the delay in introducing this "evidence" (which doesn't even show what TEI claims it shows). For this additional reason, the Court should not allow, or should strike, all the evidence submitted in TEI's Opposition.

### G. Objections to TEI's "evidence."

Does object to TEI's evidence: as hearsay/multiple levels of hearsay (FRE 802); as lacking personal knowledge (FRCP 602, L.R. 7-5, FRCP 56(c)(4)); as lacking foundation (FRE 602, 901); as lacking proper authentication (FRE 901, FRCP 56(c)(1)(A)); as irrelevant (FRE 402); under the best evidence rule/document speaks for itself (FRE 901, 1002); as speculation, and causing undue prejudice, confusion of the issues, and risk of misleading (FRE 403, 601, 602, 701); as offering legal conclusions; and not supported by admissible evidence ([L.R. 7-5, FRCP 56(c)(2)).

### Conclusion

Does request that the Court strike TEI's unauthorized, late evidence and deny its procedurally impermissible request to file a sur-reply.

1 Respectfully Submitted,

2 DATED: December 18, 2025 **KRONENBERGER ROSENFELD, LLP**

4 By: /s/ Leah Rosa Vulić
Leah Rosa Vulić

Attorneys for Movants/Defendants Does