UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE. SUBPOENAS TO REDDIT, INC. AND DISCORD, INC. | Case No.  25-mc-80296-SK |
| | **NOTICE OF QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED FOR APRIL 20, 2026 at 9:30 A.M. VIA PUBLIC ZOOM WEBINAR.

The Court intends to address the questions below at the hearing.  The Court advises the parties that it will not accept written answers to the questions.  The parties shall be prepared to address the following questions at the hearing:

(1) *This question is directed to Ted Entertainment, Inc. (hereinafter "TEI")*:  The Digital Millennium Copyright Act ("DMCA") provides a procedure through which copyright holders may subpoena internet service providers for information identifying an alleged copyright infringer.  *See* 17 U.S.C. § 512(h).  Did TEI issue the subpoenas pursuant to the DMCA?  Why or why not?

(2) *This question is directed to both parties*: If the subpoena was not issued pursuant to the DMCA, why did the parties discuss case law applying the DMCA legal standard instead of Federal Rule of Civil Procedure 45?

(3) *This question is directed to both parties*:  Did the creation of the ability to use a DMCA subpoena to find an anonymous infringer negate a party's ability to seek a Rule 45

United States District Court
Northern District of California

subpoena for the same information?

(4) *This question is directed to both parties*: The parties appear to be arguing the merits of Denims' alleged copyright infringement and the Doe Defendants' alleged contributory copyright infringement.  Why does the Court not only have to find that TEI made a prima facie case for copyright infringement and contributory copyright infringement to decide the Doe Defendants' motion to quash?  The parties should be prepared to support their positions with relevant case law.

(5) *This question is directed to both parties*:  How are the facts of this distinguishable from those in *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875 (N.D. Cal. 2020) and *Barnes v. YouTube, Inc.*, No. 25-CV-05901-VKD, 2026 WL 412470 (N.D. Cal. Feb. 13, 2026)?

(6) *This question is directed to both parties*:  If the alleged infringer, here the Doe Defendants, allegedly infringed copyrights but also commented without copyright infringement, should the Court then apply the *Highfields* test as Judge Chhabria did in *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868 (N.D. Cal. 2022)?

(7) Are the facts undisputed that I can make a determination of fair use?

**IT IS SO ORDERED**.

Dated: April 15, 2026



_____
SALLIE KIM
United States Magistrate Judge