UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE SUBPOENAS TO REDDIT, INC. AND DISCORD, INC.** | Case No.  25-mc-80296-SK |
| | **ORDER DENYING MOTION TO QUASH SUBPOENAS** |
| | Regarding Docket No. 1 |

Before the Court is the motion filed by Movant Doe Defendants ("Doe Defendants") to quash subpoenas issued by Ted Entertainment, Inc. ("TEI") to non-parties Reddit, Inc. ("Reddit") and Discord, Inc. ("Discord"). (Dkt. No. 1.)  The parties consented to the jurisdiction of the undersigned. (Dkt. Nos. 32–33.)  Having carefully considered the parties' papers, relevant legal authority, case record, and oral argument, the Court DENIES Doe Defendants' motion for the reasons set forth below.

**BACKGROUND**

On June 19, 2025, TEI filed a complaint for copyright infringement against Alexandra Marwa Saber f/k/a Marwa Talatt Abdelmonem p/k/a Denims (hereinafter "Denims") and contributory copyright infringement against the Doe Defendants in the Central District of California (the "underlying action"). (Dkt. No. 1-1, Declaration of Leah Rosa Vulić ("Vulić Decl."), Ex. 1 at pp. 78–79.)  TEI is a production company that produces online content. (Dkt. No. 16 at p. 7.)  TEI releases live broadcasts of "The H3 Show," on YouTube which provide "comedic commentary on current events and public figures." (Dkt. No. 16-2, Declaration of Ethan and Hila Klein at ¶¶ 8–9.)  Ethan and Hila Klein (collectively the "Kleins"), the owners of TEI, co-host "The H3 Show." (*Id.* at ¶¶ 7, 9.)

/ / /

Prior to October 2023, Ethan Klein hosted a political comedy podcast with Hasan Piker. (*Id.* at ¶ 22.)  In October 2023, however, a public disagreement commenced between the Kleins and Hasan Piker due to their respective stances on the Israeli–Palestinian conflict.  (*Id.*)  TEI alleges that a subreddit—titled "r/H3Snark" was created to target the Kleins and TEI content.  (*Id.* at ¶ 23.)  The Kleins further allege the "r/H3Snark" user base, comprised of former TEI fans, significantly increased following their public disagreement with Hasan Piker.  (*Id.* at ¶¶ 21, 23, 38–40.)

TEI alleges that it holds registered copyrights to the following videos: (1) The H3 Show #105: Countdown to Doomsday (the "Countdown Episode"); and (2) Content Nuke: Hasan Piker ("The Nuke").  (Dkt. No. 1-1, Vulić Decl., Ex. 1 at ¶ 2.)  TEI alleges that Denims, a defendant in the underlying action, hosted an online "group viewing session" or "Watch Party" of the Countdown Episode and The Nuke to "siphon views and [take potential] revenue away from TEI's copyrighted works."  (*Id.*)

TEI further alleges that the moderators of the "r/H3Snark" subreddit comprise Does 1-10 in the underlying action.  (*Id.* at ¶ 11.)  TEI states that it does not know the true names or exact locations of the Doe Defendants but provides alleged Reddit and Discord usernames of Does Nos. 1-6.  (*Id.*)  TEI alleges that the Doe Defendants promoted Denims' "watch parties" as an alternative to the TEI's works on the "r/H3Snark" subreddit.  (*Id.* at ¶ 3.)

On July 16, 2025, TEI, in the underlying action, requested leave to issue subpoenas to Reddit and  Discord to obtain personal identifying information of the Doe Defendants pursuant to Federal Rule of Civil Procedure 45.  On July 31, 2025, the District Court in the underlying action granted TEI leave to serve the third-party subpoenas.  On August 4, 2025, TEI served the subpoenas on non-parties Reddit and Discord.  (Dkt. No. 1-1, Vulić Decl., Exs. 10–11.)  The subpoenas, specifically, seek documents and communications containing the personally identifying information of specific Reddit and Discord users.  (*Id.*)

/ / /

/ / /

/ / /

2

The Doe Defendants move to quash TEI's subpoenas. (Dkt. No. 1.) TEI opposes and the Doe Defendants filed a reply in support of its motion to quash.[1] (Dkt. Nos. 16, 20.) The Court heard oral argument on April 20, 2026. (Dkt. No. 38.)

**ANALYSIS**

**I.    Legal Standard.**

Federal Rule of Civil Procedure 45 governs discovery of non-parties. The scope of permitted discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm's note (1970); Fed. R. Civ. P. 34(a)). Rule 26(b) permits a party to obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A court must protect a nonparty subject to a subpoena if the subpoena "requires disclosure of privileged or other protected matter" or the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). A court must also limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

---

[1] The Doe Defendants filed an administrative motion to submit additional evidence to support their motion to quash. (Dkt. No. 25.) TEI opposed and the Doe Defendants filed a reply. (Dkt. Nos. 28, 30.) The Court DENIES the Doe Defendants' administrative motion because the proffered evidence is not necessary for the Court to decide the Doe Defendants' motion to quash. *See Schumacher v. Airbnb, Inc.*, No. C 15-5734 CW, 2016 WL 7826667, at *7 (N.D. Cal. Nov. 9, 2016) (denying an administrative motion to submit additional evidence because the evidence was not necessary for the court's determination).

As relevant here, Rule 45 provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger*, 2013 WL 4536808, *4 (N.D. Cal. Aug. 22, 2013) (internal citation omitted).

## II.    Doe Defendants' Motion to Quash.

The Doe Defendants move to quash TEI's subpoenas on the grounds that (1) they acted in furtherance of their First Amendment right to speak anonymously, and (2) TEI cannot substantiate its claim for contributory copyright infringement against them. (Dkt. No. 1 at pp. 23–33.) The Court addresses the Doe Defendants' arguments in turn.

### A.    Digital Millenium Copyright Act § 512(h) Subpoena Legal Standard.

As a threshold matter, the Court must determine the applicable legal standard. The Doe Defendants argue that the *Highfields* test applies because their right to anonymous speech is protected by the First Amendment where, as here, the nature of their speech is political. (*Id.* at 22–24) (citing *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005)). At the motion hearing, TEI explained that it did not issue the subpoenas in question under the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512(h). Nonetheless, in its opposition, TEI invoked the test outlined in an action involving a subpoena issued under the DMCA—*In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868 (N.D. Cal. 2022). (Dkt. No. 16 at p. 13.)

While the DMCA does not apply here, the Court looks to cases applying the DMCA legal standard because the *Highfields* test is not applicable to a copyright action. *Highfields* involved claims for trademark infringement and unfair competition, not copyright law. *See Highfields*, 385 F. Supp. 2d at 972; *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 882 (N.D. Cal. 2020) (noting that the *Highfields* test "is not well suited for a copyright dispute … because the First Amendment does not protect anonymous speech that infringes copyright."); *Arista Recs.,*

United States District Court
Northern District of California

*LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment.").

In circumstances involving alleged copyright infringement and the First Amendment right to remain anonymous, "the Ninth Circuit requires a court to consider and weigh both the anonymous speaker's First Amendment interest and the subpoenaing party's need for identifying information." *Barnes v. YouTube, Inc.*, No. 25-CV-05901-VKD, 2026 WL 412470, at *3 (N.D. Cal. Feb. 13, 2026). Specifically, "when adjudicating a subpoena or other request for compelled disclosure that would reveal the identity of an anonymous speaker, a court should (1) notify the speaker and provide them with an opportunity to (anonymously) defend their anonymity; (2) require the party seeking disclosure to make a prima facie showing on the merits of their claim; and (3) balance the equities, weighing the potential harm to the party seeking disclosure against the speaker's interest in anonymity, in light of the strength of the underlying claim." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 876.

**B.      The Application of the DMCA Legal Standard.**

**1.      Opportunity of the Anonymous Speakers to Defend Anonymity.**

The parties do not discuss this element in their papers. Because the Court has permitted the Doe Defendants to proceed anonymously, the Court finds that the Doe Defendants' present motion to quash (1) indicates that they received notice of TEI's subpoenas to Reddit and Discord, and (2) serves as a method for the Doe Defendants' to defend their anonymity. *See Barnes*, 2026 WL 412470, at *3 (finding the first DMCA element satisfied because the doe defendant received notice of the subpoena, filed a motion to quash the subpoena, and the court permitted the doe defendant to proceed anonymously).

**2.      Prima Facie Case of Denims Copyright Infringement and the Doe Defendants' Contributory Copyright Infringement.**

TEI alleges direct copyright infringement against Denims and contributory copyright infringement against the Doe Defendants. (Dkt. No. 1-1, Vulić Decl., Ex. 1 at ¶¶ 74–87.) The Court addresses each argument in turn.

United States District Court
Northern District of California

### a. Denims' Alleged Copyright Infringement.

To establish a prima facie case of Denims' copyright infringement, TEI must demonstrate: (1) ownership of the copyrighted material, and (2) violation by the accused infringer of at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001), *as amended* (Apr. 3, 2001), *aff'd sub nom. A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002); *see* 17 U.S.C. § 501(a) (infringement occurs when alleged infringer engages in activity listed in § 106). "Among the exclusive rights enjoyed by copyright holders are the rights to reproduce the copyrighted work and to prepare derivative works based on the copyrighted work." *Barnes*, 2026 WL 412470, at \*4 (citing 17 U.S.C. § 106(1), (2)).

TEI alleges direct copyright infringement against Denims. (Dkt. No. 1-1, Vulić Decl., Ex. 1 at ¶¶ 74–81.) The Doe Defendants, in response, argue that Denims did not directly infringe TEI's copyrighted works because Denims' use of the Countdown Episode and The Nuke constituted fair use. (Dkt. No. 1 at p. 28.) The Doe Defendants, specifically, argue that Denims' use was transformative, Denims did not supersede the original use, TEI's works are highly factual, Denims' use did not negatively impact the market, and that TEI's "thin" copyrights deserve little protection. (*Id.* at pp. 28–32.)

In response to the Doe Defendants' fair use argument, TEI argues that neither Denims nor the Doe Defendants' use of TEI's works constitute fair use. (Dkt. No. 16 at pp. 14–15.) Regarding Denims' use, TEI asserts that (1) the primary purpose of Denims' Watch Party was to provide a substitute for TEI's works and exploit them for commercial gain; (2) TEI's works contained numerous creative elements; (3) Denims streamed The Nuke in its entirety and the Countdown Episode nearly in its entirety; and (4) Denims' Watch Party served as a market substitute for TEI's works because thousands of individuals watched her Watch Party before they had the opportunity to watch TEI's works. (*Id.* at pp. 15–24.) TEI further argues that the Doe Defendants' use of TEI's works did not constitute fair use because Denims did not provide sufficient commentary on TEI's works in their alleged "inducement posts" on Reddit and Discord. (*Id.* at p. 15.)

/ / /

United States District Court
Northern District of California

Here, the Court finds that TEI's allegations satisfy the prima facie standard to show copyright infringement by Denims.  TEI alleges direct copyright infringement against Denims on the grounds that: (1) TEI owned and registered the copyrights in the Countdown Episode and The Nuke with the United States Copyright Office; (2) Denims accessed the Countdown Episode and The Nuke from TEI's YouTube channels without any license, authorization, or consent from TEI; and (3) Denims' "group viewing session" of the Countdown Episode and The Nuke constituted an unauthorized reproduction, public performance, and derivative work of the Countdown Episode and The Nuke in violation of TEI's rights as set forth in 17 U.S.C. § 106.  (Dkt. No. 1-1, Vulić Decl., Ex. 1 at ¶¶ 75–78.)  TEI further alleges that the registration numbers for the Countdown Episode and The Nuke, respectively, are PAu 4-257-253 and PAu 4-256-429.  (*Id.* at ¶ 38; Dkt. No. 16 at p. 14.)

The Doe Defendants argue that this Court should decide the issue of fair use in the present motion to quash, but this Court must only determine whether TEI has made a prima facie allegation of copyright infringement.  To argue that TEI did not make a showing of fair use, the Doe Defendants cite the decision by another District Judge.  (Dkt. No. 1 at p. 29) (*citing In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 879 ("[t]o make a prima facie case of copyright infringement for the purposes of obtaining a subpoena, then, a party must make a prima facie case  that the infringing use did not constitute fair use")).  The Doe Defendants apply this law to discuss the merits of fair use.  (*Id.* at pp. 29–32)

Normally, fair use is an affirmative defense.  *See Tresóna Multimedia, LLC v. Burbank High Sch. Music Ass'n*, 953 F.3d 638, 647–52 (9th Cir. 2020).  In the context of a DMCA subpoena, however, a court must consider fair use in analyzing a motion to quash.  *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016) (holding that "for the purposes of the DMCA—fair use is uniquely situated in copyright law so as to be treated differently than traditional affirmative defenses.")  Under the DMCA, a copyright owner must first issue a "take-down" notice to a service provider, which notifies the service provider of the claimed infringement.  17 U.S.C. § 512(c)(3).  The notice, in part, must include "[a] statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law."  17 U.S.C. § 512(c)(3)(v).

Therefore, in the DMCA context, a copyright holder, before sending a take-down notification, must evaluate whether that the allegedly infringing use constitutes fair use. *See* 17 U.S.C. § 512(c)(v); *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 886 (noting that a party who served a subpoena under the DMCA "was required to evaluate fair use before sending its take-down [n]otice") (citing *Lenz*, 815 F.3d at 1153)).

In addition, "the [DMCA] subpoena is its own civil case, and the motion to quash is dispositive of the sole issue presented in the case—whether the subpoena should be enforced or not." *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 880. In the district court decision cited by the Doe Defendants, the court discussed fair use in the context of a DMCA subpoena. *See In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 879–81 (analyzing the fair use factors to find that a copyright owner did not establish a prima facie case of copyright infringement); *see also In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 883–87 (addressing fair use to determine whether a DMCA subpoena should be quashed). The structure of the DMCA thus makes it necessary for a court to consider fair use in determining whether to quash a subpoena issued under the DMCA.

In contrast, the Court need not consider fair use in deciding the instant motion to quash a *Rule 45* subpoena. Given the differences between a DMCA and Rule 45 subpoena, the Court declines to analyze the defense of fair use in determining whether TEI has made a prima facie case of contributory copyright infringement. The District Court in the underlying action will determine the issue of fair use. Indeed, a motion for partial judgment on the pleadings regarding whether Denims' use of The Nuke constituted fair use is pending before the District Court in the underlying action. (Dkt. No. 44 at p. 2.) Thus, because that issue will be litigated fully in another forum, there is no need for the Court to address the defense of fair use.

### b. The Doe Defendants' Alleged Contributory Copyright Infringement.

To establish a prima facie case of the Doe Defendants' contributory copyright infringement, TEI must show that the Doe Defendants: "(1) ha[d] knowledge of [Denims'] infringement and (2) either (a) materially contribute[d] to or (b) induce[d] that infringement." *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007); *see also MG Premium*

*Ltd v. Does, No. CV 21-8533-MCS (KKX)*, 2022 WL 3013128 (C.D. Cal. Jan. 18, 2022) (finding that the plaintiff alleged a prima facie case of contributory copyright infringement because the plaintiff alleged the following in its complaint: (1) ownership and registration of the copyrighted work at issue in the case; (2) the defendants knew of the infringing activity; and (3) the defendants actively participated in this infringement by inducing, causing, and contributing to the infringement of the plaintiff's copyright work).

The Doe Defendants contend that (1) TEI cannot show that the "Doe [Defendants] watched Denims' [group viewing session] such that they could know whether [Denims'] use was infringing and not fair use;" and (2) TEI cannot establish that the Doe Defendants induced, caused, or materially contributed to any infringement by "creating a discussion thread, which includes a link to a streamer's channel." (Dkt. No. 1 at pp. 24–28.)

The Court concludes that TEI meets its burden to show a prima facie case of contributory copyright infringement. First, TEI alleges ownership and registration of the copyrighted work at issue in the case. (Dkt. No. 1-1, Vulić Decl., Ex. 1 at ¶¶ 75–76.) Second, TEI alleges that the Doe Defendants knew Denims' "group viewing session" infringed or intended to infringe TEI's copyrighted works and induced, caused, and/or materially contributed to Denims' infringement. (*Id.* at ¶¶ 83–85; Dkt. No. 16 at pp. 24–28.)

TEI does not merely allege these facts but points to specific evidence that the Doe Defendants specifically instructed other potential viewers to watch Denims' "watch party" as an "ethical" way to watch TEI's programs. (Dkt. No. 7, Vulić Decl., Exs. F–G.) In this context, opponents of the Kleins wanted to watch their shows but did not want to give them "views" on YouTube or other streaming platforms that reward content creators based on their number of viewers. It appears that the entire purpose of watching Denims' watch party was to watch TEI's programming in a manner that did not benefit TEI. (*See id.* providing a list of content creators for people to watch The Nuke "without showing support for H3").

TEI's allegations, supported by evidence, create a prima facie claim for contributory copyright infringement against the Doe Defendants. Although it may seem counterintuitive that opponents of the Kleins would want to watch the Kleins' programs, they were engaging in a cultural phenomenon known as "hatewatching."

9

The Urban Dictionary defines the term "hatewatch" as follows:

> A hatewatched show is one the viewer genuinely despises but cannot stop watching. This could be because it is so "<u>important</u>" they feel they have to, because it has enough promise that they hope it gets better, because it's so well-crafted in it's [sic] terribleness that the badness itself is noteworthy, or because they enjoy the <u>adrenaline</u> that pure revulsion can bring. Whatever the reason, the hatewatcher can't look away from the trainwreck.

*Hatewatch*, Urban Dictionary, https://www.urbandictionary.com/define.php?term=hatewatch (last visited April 27, 2026) (emphasis in original).[2]  Here, the entire purpose of Denims' watch party was to "hatewatch" TEI's works without giving any benefit to TEI.  There is credible evidence that the Doe Defendants understood this goal and facilitated this goal by encouraging other people to watch Denims' watch party.

### 3.    Balance of the Equities.

If the Court finds that the Doe Defendants' interest in their anonymity extends beyond their alleged contributory copyright infringement, the Court must "balance the equities, weighing the potential harm to the party seeking disclosure against the speaker's interest in anonymity, in light of the strength of the underlying claim." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 876.

The Doe Defendants argue that balance of equities weighs in their favor because, if "unmasked," the Doe Defendants would face "public exposure, real risks of retaliation[,] actual harm, and the financial and other burdens of defending the Action." (Dkt. No. 1 at pp. 32–33.) The Doe Defendants further contend that TEI fans "have a proven track record of harassing and even doxing people who are critical of [TEI] and Ethan [Klein]" and that "[t]here is also great risk to Does from the myriad of content creators covering these lawsuits and this Motion." (Dkt. No. 20 at p. 17.)

TEI, in response, asserts that the balance of equities weighs in its favor because the Doe Defendants are parties to the underlying action, and, without information about the Doe

---

[2] The Ninth Circuit periodically uses the website "Urban Dictionary" to provide context for slang terms.  *See, e.g., Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1044 n.13 (9th Cir. 2015).

United States District Court
Northern District of California

Defendants' identities, TEI cannot proceed with the underlying action.  (Dkt. No. 16 at p. 29.)  TEI further argues that it issued the subpoenas in good faith and "no alternative means exist to identify" the Doe Defendants.  (*Id.* at pp. 28–29.)

Here, the Court concludes that TEI's need for identifying information outweighs the Doe Defendants' interest in anonymity.  TEI seeks information identifying the Doe Defendants so that it can proceed with its claims for contributory copyright infringement against the Doe Defendants.  (Dkt. No. 16 at p. 29.)  The Doe Defendants are defendants in the underlying action, and without information regarding their identities, TEI cannot identify the Doe Defendants as defendants, properly serve them with process, and ultimately, proceed in the underlying action.  *See Barnes*, 2026 WL 412470, at *4 (concluding that the plaintiff's need for disclosure of identifying information of a defendant in the action outweighed the Doe defendant's interest in anonymity); *Cognosphere Pte. Ltd. v. X Corp.*, No. 23-mc-80294-PHK, 2024 WL 4227594, at *8 (N.D. Cal. Sept. 18, 2024) (noting that the identity of an anonymous infringer "is materially relevant, if not critical to the claim, because without the information, [the plaintiff] has no starting point for whom to name as a defendant").  The balance of equities thus weighs in favor of TEI.

### III.    Doe Defendants' Request for a Protective Order.

The Doe Defendants request a protective order allowing disclosure of their identities only to the Court if the Court denies their motion to quash.  (Dkt. No. 1 at p. 33.)  TEI, in response, argues that a protective order is not warranted in part because solely disclosing the Doe Defendants' identities to the Court "severely hampers TEI's ability to conduct discovery and proceed with the case."  (Dkt. No. 16 at p. 30.)  The Court DENIES the motion for protective order because TEI must determine the identities of the Doe Defendants in the underlying action against them.

To the extent that the parties have further concerns about disclosure of information about the Doe Defendants, the parties should seek relief from the Central District of California.  Until the Doe Defendants appear in the Central District of California, the Court ORDERS the following: Reddit and Discord may respond to the subpoena to TEI only.  Additionally, no party may disclose the identities of the Doe Defendants or any other identifying information about the Doe

United States District Court
Northern District of California

Defendants to any individual or entity not a party to this matter.  Of course, the District Court in the underlying action may override these protections, once the Doe Defendants make their appearance in that action.

**VI.     Doe Defendants' Request for Attorneys' Fees.**

In their motion to quash, the Doe Defendants noted that they "reserve their right to seek their attorney's fees and costs." (Dkt. No. 1 at p. 33.)  They argue that TEI brought its suit against the Doe Defendants for an improper purpose and that TEI's claims are legally "insufficient." (*Id.*) Because the Court denies the Doe Defendants' motion to quash, they are not entitled to attorneys' fees.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Doe Defendants' motion to quash the subpoenas issued by TEI to Reddit and Discord.

**IT IS SO ORDERED**.

Dated: April 29, 2026

_____
SALLIE KIM
United States Magistrate Judge