**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Leah Rosa Vulic (Bar No. 343520)
548 Market St. #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
leah@kr.law

Attorneys for Movants/Defendants Does

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE. SUBPOENAS TO REDDIT, INC. AND DISCORD, INC.** | Case No. 3:25-mc-80296-SK<br><br>**DOES' NOTICE OF APPEAL AND REPRESENTATION STATEMENT** |

**DOES' NTC OF APPEAL AND REPRESENTATION STATEMENT**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Movants/Defendants Does ("Does") hereby appeal to the United States Court of Appeals for the Ninth Circuit from this Court's Order [D.E. 45] ("Order"), entered on April 29, 2026, denying Does' motion to quash Plaintiff Ted Entertainment, Inc. ("TEI")'s subpoenas to non-parties Reddit, Inc. ("Reddit") and Discord, Inc. ("Discord"), denying Does' request for a protective order, and denying Does' request for attorney's fees.

This Court's Order is immediately appealable to the Ninth Circuit Court of Appeals as a final judgment under 28 U.S.C. §636(c)(3) and 28 U.S.C. §1291: "Upon entry of judgment in any case referred under [28 U.S.C. §636(c)(1)], an aggrieved party may appeal directly to the appropriate United States court of from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. §636(c)(3).

All parties consented to jurisdiction of the magistrate judge [D.E. 32, 33] (the parties "voluntarily **consent**[ed] to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit."), after the Clerk's notice [D.E. 31], to resolve this miscellaneous civil case in which Does moved to quash TEI's subpoenas, the sole matter adjudicated in this action. Further, the special designation requirement of magistrate judge jurisdiction is satisfied by the Court's General Order No. 44, Assignment Plan, entered by Chief Judge Phyllis J. Hamilton effective January 1, 2018 (as of the time of filing of the instant miscellaneous civil case)[1], Section (E)(3), which provides in relevant part:

> Upon filing, unless exempted by Local Rule, order of a judge of this court, or other provision of this general order, **all civil miscellaneous matters** will be randomly assigned in the first instance to a **magistrate judge who will either resolve the matter** or, if necessary, prepare a report and recommendation and request assignment of the matter to the district judge who was the general duty judge on the date the miscellaneous matter was filed.

[1] A true and correct copy of General Order 44 effective January 1, 2018 is attached hereto as **Exhibit A**.

(emphasis added). *See Ashker v. Newsom*, 968 F.3d 975, 982 (9th Cir. 2020); *Roell v. Withrow*, 538 U.S. 580, 585 (2003) ("A judgment entered by 'a magistrate judge designated to exercise civil jurisdiction under [§ 636(c)(1)]' is to be treated as a final judgment of the district court, appealable 'in the same manner as an appeal from any other judgment of a district court.'"), quoting 28 U.S.C. §636(c)(3); *see also Prater v. Dep't of Corr.*, 76 F.4th 184, 197 (3d Cir. 2023) ("§ 636(c) finality equals § 1291 finality").

Further, the Court's Order disposed of the sole issued presented in this miscellaneous civil action, i.e., Does' Motion to Quash TEI's subpoenas, including Does' request for a protective order (which this Court denied) and Does' request for attorney's fees (which this Court denied). [D.E. 45 at 11-12.] This Court specifically held that "[t]o the extent that the parties have further concerns about disclosure of information about the Doe Defendants, the parties should seek relief from the Central District of California." [D.E. 45 at 11.] There is nothing further for this Court to adjudicate in this miscellaneous civil case. Thus, the Court's Order is immediately appealable to the Ninth Circuit as a final decision under 28 U.S.C. §1291, made by a magistrate judge properly designated and consented to by all appearing parties, with full jurisdiction to finally resolve the matter pursuant to 28 U.S.C. §636(c)(1) and General Order 44(E)(3).

Alternatively, the Court's Order is also immediately appealable under the collateral order doctrine. *Cohen v. Beneficial Indus. Loan Corp*, 337 U.S. 541, 546 (1949); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *U.S. v. Griffin*, 440 F.3d 1138, 1141-42 (2006). Under the collateral doctrine, the Court of Appeals may review any order which meets three criteria: the order must 1) conclusively determine the disputed question, 2) resolve an important issue completely separate from the merits of the action, and 3) be effectively unreviewable on appeal from a final judgment. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). The effect is that appealability is a "practical[,] rather than a technical[,] construction. *See id.* at 546.

The rule expressed in *Cohen* has been applied to discovery orders relating to privileged documents: "Though not a final resolution of the case, an order for the production of documents over which a privilege is asserted is appealable as finally resolving a collateral discovery issue."

*Wachtel v. Health Net, Inc.*, 482 F.3d 225, 228 (3d Cir. 2007) (citing *Cohen*, 337 U.S. at 546; *In re Ford Motor Co.*, 110 F.3d 954, 962–63 (3d Cir. 1997)). Similar standards have also been applied by this Court in analogous matters involving subpoenas seeking access to sensitive materials such as grand jury records. *See In Re Barker*, 741 F.2d 250, 252 (9th Cir. 1984) ("The disclosure order, which conclusively resolved the only issue in an independent judicial proceeding, is a 'final decision' and therefore immediately appealable.") (quoting *In re Sells*, 719 F.2d 985, 988 (9th Cir. 1983)). The Court's Order here, which finally resolved the only issue presented to the Court in this independent judicial proceeding, i.e., Does' motion to quash Plaintiff's subpoenas to Reddit and Discord, meets the collateral order doctrine criteria.

Finally, the Court's Order is appealable under *Perlman* exception. *See Perlman v. United States*, 247 U.S. 7 (1918). In *Perlman*, the Supreme Court held that a district court's directing a third party to produce evidence or documents is immediately appealable if the third party cannot be expected to risk contempt solely to create a final order. *See id*.  The *Perlman* exception has been applied in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims. *See United States v. Ryan*, 402 U.S. 530, 533, 91 S. Ct. 1580, 1582, 29 L. Ed. 2d 85 (1971). Here, like *Perlman*, the Order compels disinterested third parties, Reddit and Discord, to produce information that would reveal the Does' identities, while the Does assert a constitutional privilege in remaining anonymous. Because the subpoenas are directed to Reddit and Discord, the Does are unable to obtain review by refusing compliance and risking contempt, and Does are also unable to rely on Reddit and Discord to incur contempt to protect Does' First Amendment rights. Therefore, under these circumstances, the Order is appealable under *Perlman*.

## CONCLUSION

The district court's Order granting Plaintiff's Motion to Compel finally resolves the only question at issue, and Does' Motion to Quash the subpoenas is the only matter pending before the court. The Order is appealable pursuant to 28 U.S.C. §636(c)(1) and 28 U.S.C. §1291.

//

//

Respectfully Submitted,

DATED: May 29, 2026                **KRONENBERGER ROSENFELD, LLP**


By:   /s/ Leah Rosa Vulić
                Leah Rosa Vulić

Attorneys for Movants/Defendants Does

**REPRESENTATION STATEMENT**
**Ninth Circuit Rule 3-2(b)**

Pursuant to Ninth Circuit Rule 3-2 (b), the following identifies all parties to this action and their respective counsel:

Counsel for Appellants/Movants-Defendants Does:

KARL S. KRONENBERGER
JEFFREY M. ROSENFELD
LEAH ROSA VULIĆ
KRONENBERGER ROSENFELD, LLP
548 Market Street, #85399
San Francisco, California 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
leah@kr.law

Counsel for Plaintiff/Appellee Ted Entertainment, Inc.:

ROM BAR-NISSIM (SBN: 293356)
Rom@HeahBarNissim.com
HEAH BAR-NISSIM LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Case No. 3:25-mc-80296-SK

5

**DOES' NTC OF APPEAL AND
REPRESENTATION STATEMENT**

## CERTIFICATE OF SERVICE

I am a resident of the state of Arizona, over the age of eighteen years and not a party to this action. My business address is 548 Market Street #85399, San Francisco, California, 94104.

I hereby certify that on May 29, 2026, I served:

**1) DOES' NOTICE OF APPEAL AND REPRESENTATION STATEMENT**

on the parties listed below as follows:

*Discord Inc.*:

c/o CT CORPORATION
330 N BRAND BLVD SUITE 700
GLENDALE, CA 91203

| X | BY OVERNIGHT DELIVERY, via Federal Express. |

| X | (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

Additionally, I hereby certify that on May 29, 2026, I served:

**1) DOES' NOTICE OF APPEAL AND REPRESENTATION STATEMENT**

on the parties listed below as follows:

*Counsel for Reddit Inc.*:

Alan Garza
Ryan Mrazik
Perkins Coie
405 Colorado Street Suite 1700
Austin, TX 78701
agarza@perkinscoie.com
rmrazik@perkinscoie.com

| X | BY EMAIL to the address(es) listed above. |

| X | (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

DATED: May 29, 2026

_____
Ema Tilton

Case No. 3:25-mc-80296-SK                6                **DOES' NTC OF APPEAL AND REPRESENTATION STATEMENT**

Exhibit A

GENERAL ORDER NO. 44
ASSIGNMENT PLAN

A.    PURPOSE

This plan is adopted pursuant to 28 U.S.C. § 137 and Civil Local Rule 3-3(a). The purpose of the plan is to:

1. Provide an equitable system for a proportionate division of the caseload among the district and magistrate judges of the court;

2. Ensure that cases are randomly and blindly assigned, except as otherwise provided herein to promote efficient case management;

3. Provide for necessary adjustments to caseload assignments; and

4. Provide a basis for monitoring the operation of the case assignment system.

B.    ADMINISTRATION

The Executive Committee shall have the power to make and review all orders of assignment and reassignment consistent with this plan. As provided in Civil L.R. 77-2(e), the Clerk, when directed by the committee or as specifically provided for in this plan, may sign orders on behalf of the Executive Committee.

C.    CASE NUMBERS

Each case commenced in or transferred to the court pursuant to Civil L.R. 3-2 shall be assigned a case number by the Clerk upon filing. A separate sequence of case numbers shall be maintained for criminal and civil cases. Case numbers shall conform to the format approved by the Administrative Office of the United States Courts.

D.    ASSIGNMENT OF CASES

1. Unless otherwise required by the Executive Committee, cases shall be assigned by the Clerk to the judges holding chambers in the courthouse or courthouses serving the county in which the action arises.

2. Cases shall be assigned blindly and at random by the Clerk by means of an automated system approved by the judges of the court. Such system will be designed to accomplish the following:

   a. Proportionate, random and blind assignment of cases;

   b. Except as set forth in paragraphs (D)(4) through (D)(7), an approximately equal distribution among the active judges of the court of newly filed civil and criminal cases within each of the case categories established by the court

   c. A high level of security so as to reasonably avoid prediction of the results of any case assignment;

   d. A system of credits and debits to adjust for reassignments of cases among and between judges;

   e. A record of all assignments and reassignments made.

3. Notwithstanding any other provision of the Assignment Plan, the Clerk shall maintain a district-wide system of assignment for prisoner petitions (including death penalty habeas corpus), bankruptcy, intellectual property rights, Social Security, federal tax

suits, antitrust and securities class actions. Venue for cases in these categories shall be proper in any courthouse in this District. These cases shall not be reassigned on the basis of intra-district venue.

4. Notwithstanding any other provision of the Assignment Plan, the Clerk shall assign cases transferred to this District pursuant to Federal Rule of Criminal Procedure 20 in the following manner. Assignment of Rule 20 cases shall be made prior to execution of a consent to transfer in the manner set forth in Criminal L.R. 20-1. Any subsequent Rule 20 proceeding involving the same defendant and arising out of the same or superseding charges shall be deemed to be a related case and shall be assigned to the originally assigned judge.

5. Notwithstanding any other provision of the Assignment Plan, the Clerk shall assign any non-capital habeas petition filed by a prisoner to the same judge who was assigned any previous petitions filed by or on behalf of that prisoner.

6. Notwithstanding any other provision of the Assignment Plan, the Clerk shall assign any non-habeas civil complaint filed by a prisoner within five (5) years after the filing of the first civil complaint by that party to the same judge to whom the first such complaint was assigned. After five (5) years, the next new civil complaint filed by that prisoner shall be assigned to a different judge, in accordance with paragraph (D)(2) above, who shall then be assigned that prisoner's civil filings for the next five (5) years. Thereafter, a different judge shall be assigned for each subsequent five-year period.

7. Notwithstanding any other provision of the assignment plan, the Clerk shall assign a bankruptcy matter to the same judge who was assigned any previously filed bankruptcy matter arising from the same case in the United States Bankruptcy Court.

E.    ASSIGNMENT OF CASES TO MAGISTRATE JUDGES

1. The full-time magistrate judges of this District shall be included in the civil case assignment system in the same manner as active district judges, except for capital habeas corpus petitions, securities class actions, and bankruptcy appeals or bankruptcy withdrawal of reference cases. With respect to such assignments, the following shall apply:

   a. In cases assigned at filing to a magistrate judge, the magistrate judge shall conduct all proceedings including a jury or bench trial and shall order the entry of a final judgment upon the written consent of all parties in the case in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

   b. In all cases assigned at filing to a magistrate judge the Clerk shall provide all parties with a copy of the forms adopted by the court for "Notice of Assignment of Case To A United States Magistrate Judge for Trial." The form shall indicate that upon written consent of the parties the magistrate judges of this District have been designated to conduct any and all proceedings in a civil case, including a jury or nonjury trial and order the entry of a final judgment. Prior to the magistrate judge taking any dispositive action in the case, the Clerk shall obtain from the parties written consent to the jurisdiction of the magistrate judge in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.

   c. If a party declines to consent to a United States magistrate judge, the Clerk shall reassign the case to a district judge on a random basis or in accordance with paragraphs (D)(5) and (D)(6), if applicable.

2. Upon filing, the following will be assigned to a magistrate judge for all pretrial proceedings. When the case is ready for trial, upon consent of the parties, it will be retained by the magistrate judge for trial. If all parties do not so consent, the Clerk will randomly assign the case to a district judge in the division where the case is pending.

   a. All actions filed by the United States to recover on a claim for a debt;

   b. Pre-judgment or post-judgment applications by the United States under the Federal Debt Collection Procedures Act.

3. Upon filing, unless exempted by Local Rule, order of a judge of this court, or other provision of this general order, all civil miscellaneous matters will be randomly assigned in the first instance to a magistrate judge who will either resolve the matter or, if necessary, prepare a report and recommendation and request assignment of the matter to the district judge who was the general duty judge on the date the miscellaneous matter was filed. Any objections to the magistrate judge's order or report and recommendation will be resolved by that district judge. See Fed. R. Civ. P. 72. Matters from the Eureka division shall be reassigned, as necessary, to the general duty judge.

4. For cases reassigned to a magistrate judge subsequent to initial case assignment (e.g. at a case management conference), the parties may consent to the assignment of a magistrate judge sitting in any division.

| | | |
|---|---|---|
| ADOPTED: | JULY 22, 1997 | FOR THE COURT: |
| AMENDED: | JULY 18, 2000 | |
| AMENDED: | MARCH 1, 2002 | |
| AMENDED: | JANUARY 30, 2003 | |
| AMENDED: | AUGUST 26, 2003 | |
| AMENDED: | APRIL 28, 2008 | |
| AMENDED: | JANUARY 4, 2010 | |
| AMENDED: | MAY 29, 2012 | |
| AMENDED: | MARCH 19, 2013 | |
| AMENDED: | DECEMBER 17, 2013 | |
| AMENDED: | JUNE 24, 2015 | |
| AMENDED: | APRIL 19, 2016 | |
| AMENDED: | JUNE 20, 2017 | |
| AMENDED: | JANUARY 1, 2018 | |

PHYLLIS J. HAMILTON
CHIEF JUDGE